Robert A. Bailey (#214688)
  rbailey@afrct.com
Christopher A. Carr (#44444)
  ccarr@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN
CAMPBELL & TRYTTEN LLP
199 South Los Robles Ave., Suite 600
Pasadena, California 91101
Tel: 626.535.1900
Fax: 626.577.7764

Attorneys for Defendant WORLD SAVINGS BANK F.S.B.,
renamed and now known as
WACHOVIA MORTGAGE F.S.B.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. OTTEN<br><br>                     Plaintiff,<br><br>         vs.<br><br>HOME COMING FINANCIAL MORTGAGE, NAVY FEDERAL CREDIT UNION, WORLD SAVINGS,<br><br>                     Defendants. | Case No. 08 CV0254 JM (JMA)<br><br>[Hon. Jeffrey T. Miller]<br><br>MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANT WORLD SAVINGS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT<br>[FRCP 12(b)(6) and 12(e)]<br><br>Date:  April 11, 2008<br>Time:  1:30 p.m.<br>Ctrm:  16 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1. **INTRODUCTION**

The Complaint is incomprehensible. It references contracts, agreements, and loans but provides insufficient detail for defendant to determine what agreements Plaintiff is trying to plead. The Complaint relies on statutes, regulations and international agreements that have no apparent connection to defendants or any of Plaintiff's claims.

Quite simply, the Complaint sets forth no facts that give rise to a claim.

Plaintiff's Complaint must be dismissed.

## 2. **SUMMARY OF THE COMPLAINT.**

Even giving Mr. Otten the benefit of the doubt as a pro se Plaintiff, it is impossible to understand the nature of his Complaint. Try as it might, World Savings has been unable to determine how Mr. Otten claims he has been injured or what role World Savings allegedly played in that injury.

Plaintiff's Complaint is styled as an "Action of Quiet Title." This begs the initial question as to the federal court's jurisdiction to hear this matter.[1] In any event, Mr. Otten does not state how title to his property needs to be quieted. He does not state any improper lien, claim, possession or cloud on his title.

At one point Plaintiff references a "Breach of Contract between the Grantor and the Grantee" but does not identify who these parties are. (Comp. at 5:9-10). This contract appears to be an alleged settlement agreement between one or more of the defendants. (*See* Comp. at 5:5 (referring to "the defendant's mutual administrative settlement agreement"). He then says that the "quiet title is also to test the validity to whether there is a breach of agreement or breach of duty of the Defendants [including World Savings] full reconveyance of the property." (Comp. at 5:10-13). Plaintiff does not identify which (if any) of the defendants is a party to the alleged agreement, he does not state its terms, he does not say how any of those terms were breached and he does not say how he has been injured. At one point he references an attachment (Comp. at 5:27) but there is no attachment to the Complaint.

Plaintiff also repeatedly references Regulation Z of the Truth in Lending Act.

---

[1] The basis for jurisdiction is not clear at this point. Mr. Otten has referenced the Truth in Lending Act as well as other federal statutes and regulations in his Complaint. It is not clear whether he is asserting a federal question claim under any of these statutes that would give rise to federal jurisdiction. World Savings reserves the right to challenge jurisdiction if Plaintiff's claims become clearer in the future.

1  (Comp. at 2:9, 3:26, 5:4, 8:5, and 11:17).  Yet he does not articulate how any
2  defendant violated that regulation.  He only says that that the "President/Vice
3  President of [each defendant], and cohorts, also dishonored/failed to disclose that
4  the original loan was created by a check book entry, which may be sold in the open
5  market (as a promissory note) for 80-90 cents on the dollar with no consideration to
6  the plaintiff." (Comp. at 9:28-10:4).  He does not say what loan he is talking about,
7  which defendant had an obligation under the Truth in Lending Act related to that
8  loan, or how the alleged conduct could be construed as a violation of the Act.

9  The Complaint also levels a charge of "Counterfeiting Securities of the
10 United States." (Comp. at 6:19).  Plaintiff provides no description or detail as to
11 this alleged criminal conduct.  He does not say who counterfeited securities or
12 when, what securities were counterfeited, or how he has standing to bring such a
13 claim.  Rather he makes allegations that the "President/Vice President" refused to
14 sign some unspecified affidavit under penalty of perjury, or attend a press
15 conference to answer 150 questions, or give full disclosure "that check book
16 entries/debit credit was created and no lawful money was lent to Plaintiff." (Comp.
17 at 7:2-12).  How such conduct relates to counterfeiting securities is beyond World
18 Savings' comprehension.

19 The remainder of the Complaint is a hodgepodge of citations to statutes,
20 cases, international agreements and the U.S. Constitution.  Plaintiff does not
21 explain how any of these authorities provide him a claim upon which relief can be
22 granted.

23 **3.  PLAINTIFF HAS NOT STATED A CLAIM UPON WHICH RELIEF CAN
24      BE GRANTED**

25 The Complaint fails to articulate any facts that could give rise to a legally
26 recognizable claim.

27 For purposes of Federal Rule of Civil Procedure 12(b)(6), a claim means a set
28 of facts which, if established, gives rise to one or more enforceable legal rights.

1 *Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363, 366 (SDNY 1966). Although
2 the federal rules of pleading are liberal, the plaintiff must still allege a cognizable
3 legal theory and facts sufficient to support such a theory. *Balistreri v. Pacifica*
4 *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

5      As noted above, Plaintiff's Complaint provides ***no*** facts which give rise to an
6 enforceable legal right. It presents no cognizable legal theory. It is mostly just a
7 jumble of unconnected statements, most of which are not even factual allegations.
8 It does not state any facts to support any legal theory and must be dismissed.

## 4. ALTERNATIVELY, THE COURT SHOULD REQUIRE THE PLAINTIFF TO FILE A MORE DEFINITE STATEMENT

11      If the Court is unwilling to dismiss for failure to state a claim, it should
12 nevertheless require plaintiff to provide a more definite statement under FRCP
13 12(e).

14      Federal Rule of Civil Procedure 8 requires a Complaint to be "clear and
15 concise." This Complaint is anything but "clear and concise." World Savings
16 literally has no idea why Mr. Otten is suing it. It does not know how Mr. Otten has
17 been injured and it does not know how Mr. Otten believes World Savings is in any
18 way responsible for that injury.

19      A Rule 12(e) motion is proper when the Complaint is so indefinite that the
20 defendant cannot ascertain the nature of the claim being asserted against it.
21 *Famolare Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (ED CA 1981).

22      A more definitive statement is appropriate where a plaintiff alleges claims
23 involving multiple agreements and against multiple defendants but fails to identify
24 which claims relate to which defendant or to identify the agreement by date and
25 parties. *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277, 284 (ED Wi.
26 1975).

27      Plaintiff's Complaint cries out for a more definite statement. He has not
28 articulated any injury, let alone the nature of his claim, against defendant for that

1  injury.  Plaintiff alleges various contracts but does not properly identify them or
2  specify their terms.  Plaintiff groups all the defendants together without specifying
3  which of them is allegedly responsible for any injury.  World Savings cannot
4  ascertain the nature of Plaintiff's claims against it and cannot be expected to file a
5  responsive pleading absent a more definitive statement of the claims.

### 5. CONCLUSION

The Complaint must be dismissed.  It does not set forth facts upon which relief may be granted.  Alternatively, the Plaintiff must be ordered to provide a more definite statement.  Otherwise, World Savings will be unable to file a responsive pleading because it has no idea what Plaintiff contends it did wrong.

Respectfully submitted,

Dated: March 5, 2008

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Robert A. Bailey
Robert A. Bailey
Attorneys for Defendant WORLD SAVINGS BANK, F.S.B., renamed and now known as WACHOVIA MORTGAGE F.S.B.